| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address<br><br>Robert P Goe<br>Goe & Forsythe, LLP<br>18101 Von Karman, Ste 1200<br>Irvine, CA 92612<br><br>949-798-2460<br><br><br><br><br><br><br><br><br><br>*Plaintiff or Attorney for Plaintiff* | FOR COURT USE ONLY |
|---|---|

**UNITED STATES BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA – RIVERSIDE**

| In re:<br><br>Christopher Philip Houg and Randa Sabbagh<br><br><br>Debtor(s). | CASE NO.: 6:12-bk-18569-MJ<br><br>CHAPTER: 7<br><br><br>ADVERSARY NUMBER: 6:18-ap-01051-MJ |
|---|---|
| Steven M Speier<br><br>Plaintiff(s)<br>Versus<br>Bobby Riley<br>**(See Attachment A for names of additional defendants)**<br>Defendant(s) | **SUMMONS AND NOTICE OF STATUS CONFERENCE IN ADVERSARY PROCEEDING [LBR 7004-1]** |

TO THE DEFENDANT(S): A Complaint has been filed by the Plaintiff against you. If you wish to defend against the Complaint, you must file with the court a written pleading in response to the Complaint. You must also serve a copy of your written response on the party shown in the upper left-hand corner of this page. The deadline to file and serve a written response is **04/02/2018.** If you do not timely file and serve the response, the court may enter a judgment by default against you for the relief demanded in the Complaint.

A status conference in the adversary proceeding commenced by the Complaint has been set for:
   **Date:**           May 3, 2018
   **Time:**           11:00 AM
   **Hearing Judge:**  Meredith A. Jury
   **Location:**       3420 Twelfth St., Crtrm 301, Riverside, CA 92501

---

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2016*                                  Page 1                          **F 7004-1.SUMMONS.ADV.PROC**

**You must comply with LBR 7016–1, which requires you to file a joint status report and to appear at a status conference.** All parties must read and comply with the rule, even if you are representing yourself. You must cooperate with the other parties in the case and file a joint status report with the court and serve it on the appropriate parties at least 14 days before a status conference. A court–approved joint status report form is available on the court's website (LBR form F 7016–1.STATUS.REPORT) with an attachment for additional parties if necessary (LBR form F 7016–1.STATUS.REPORT.ATTACH). If the other parties do not cooperate in filing a joint status report, you still must file with the court a unilateral status report and the accompanying required declaration instead of a joint status report 7 days before the status conference. **The court may fine you or impose other sanctions if you do not file a status report. The court may also fine you or impose other sanctions if you fail to appear at a status conference.**

**KATHLEEN J. CAMPBELL
CLERK OF COURT**

Date of Issuance of Summons and Notice of Status Conference in Adversary Proceeding: March 1, 2018

By: _____"s/" Monica Yepes_____

Deputy Clerk



This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

December 2016     Page 2     **F 7004–1.SUMMONS.ADV.PROC**

Case 6:18-ap-01051-MJ Doc 3 Filed 03/05/18 Entered 03/05/18 15:40:45 Desc
Main Document Page 2 of 14

# ATTACHMENT A
Names of plaintiffs and defendants

| Plaintiff(s): | Defendant(s): |
|---|---|
| Steven M Speier | Bobby Riley<br>Karen Riley |

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.
# ATTACHMENT A

1  Robert P. Goe – State Bar No. 137019
2  Stephen P. Reider – State Bar No. 287820
   **GOE & FORSYTHE, LLP**
3  18101 Von Karman Avenue, Suite 1200
   Irvine, CA 92612
4  rgoe@goeforlaw.com
   sreider@goeforlaw.com
5
6  Telephone:  (949) 798-2460
   Facsimile:   (949) 955-9437
7
   General Counsel for Steven M. Speier,
8  Chapter 7 Trustee

9 **UNITED STATES BANKRUPTCY COURT**

10 **CENTRAL DISTRICT OF CALIFORNIA - RIVERSIDE DIVISION**

| | |
|---|---|
| In re:<br><br>CHRISTOPHER PHILIP HOUG and RANDA SABBAGH,<br><br>Debtors. | Chapter 7 Proceeding<br><br>Case No. 6:12-bk-18569-MJ<br><br>Adv. No. 6:18-ap-_____-MJ |
| STEVEN M. SPEIER, as chapter 7 trustee,<br><br>Plaintiff,<br>v.<br>BOBBY RILEY and KAREN RILEY,<br><br>Defendants. | **COMPLAINT FOR:**<br>**(1) BREACH OF CONTRACT**<br>**(2) ACCOUNT STATED** |

1

**JURISDICTION AND VENUE**

1. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157 and 1334.

2. Venue properly lies in this judicial district pursuant to 28 U.S.C. § 1409 in that this civil proceeding arises in and relates to a bankruptcy case pending in the district.

3. This is a core proceeding as defined by 28 U.S.C. § 157(b)(2)(A), (E), and (O).

**PARTIES**

4. Plaintiff Steven M. Speier ("Plaintiff") is the chapter 7 trustee for the bankruptcy estate of Christopher Philip Houg and Randa Sabbagh ("Debtors") in the above-captioned bankruptcy case.

5. Defendants Bobby Riley and Karen Riley ("Defendants") are individuals residing in the County of Riverside.

**GENERAL ALLEGATIONS**

6. On or about June 1, 2011, Debtors and Defendants entered into a written lease agreement concerning Defendants' purchase and Debtors' lease and option ("Option") to purchase that real property located at 79767 Birmingham Drive, Indio, California 92203 ("Property").

7. A dispute arose between Debtors and Defendants regarding the Option. On or about June 14, 2013, Debtors filed a complaint against Defendants, initiating that action styled *Houg v. Riley*, Case No. INC 1303589, pending in the Superior Court for County of Riverside ("State Court Action").

8. On or about February 10, 2014, Debtors and Defendants entered into a settlement agreement to finally resolve all disputes in the State Court Action ("Settlement Agreement"). In exchange for mutual general releases, Defendants agreed to (i) transfer the Property to Debtors pursuant to certain terms and conditions ("Property Transfer"), and (ii) pay Debtors the sum of $33,295.83 ("Settlement Payment"). The Settlement Payment was to be paid in monthly installments of $200.00, beginning the first day of the first month after escrow closed on the Property Transfer. Notwithstanding, the entire balance of the Settlement Payment was to be paid

1 in full in not later than March 22, 2021.  The Settlement Agreement indicated that it is binding
2 upon and intended to inure to the benefit of successors in interest of the parties thereto.

3     9.    On or about March 19, 2014, the State Court Action was dismissed.

4     10.    On or about March 18, 2014, escrow closed on the Property Transfer.  Thus,
5 beginning on April 1, 2014, Defendants were obligated to make $200 monthly payments to
6 Debtors until the Settlement Payment was paid in full on March 22, 2021.

7     11.    To date, Defendants have not made any payments on account of the Settlement
8 Payment.

9     12.    Debtors are in breach of the Settlement Agreement for nonpayment of the agreed
10 upon Settlement Payment.

11     13.    On September 11, 2017, the Bankruptcy Court entered a judgment in Adversary
12 Proceeding No. 6:ap-14-01314-MJ (the "Judgment").  As part of the Judgment, the Bankruptcy
13 Court ordered that the amount owed by Defendant to Debtor is determined to be property of the
14 bankruptcy estate, and therefore subject to turnover to Plaintiff under 11 U.S.C. § 542(b).

15     14.    The Settlement Agreement contained an attorneys' fees provision which entitles
16 the prevailing party to reasonable attorneys' fees and costs incurred in any action at law or in
17 equity to enforce or interpret the terms of the Settlement Agreement.

18 **FIRST CLAIM FOR RELIEF**
19 **Breach of Contract**

20     15.    The allegations in paragraphs 1 through 14 are re-alleged and incorporated herein
21 by this reference.

22     16.    The Settlement Agreement is a valid and enforceable contract.

23     17.    Plaintiff (as successor to the Debtors) fully performed his obligations under the
24 Settlement Agreement by dismissing the State Court Action against Defendants.

25     18.    Defendants have breached their obligations under the Settlement Agreement by
26 nonpayment of the Settlement Payment.

27     19.    Plaintiff, as successor in interest to Debtors, has been damaged as a result of
28 Defendants' breach of contract.

**SECOND CLAIM FOR RELIEF**

**Account Stated**

20. The allegations in paragraphs 1 through 19 are re-alleged and incorporated herein by this reference.

21. As evidenced by the Settlement Agreement, Debtors and Defendants had a transaction together which established a relationship of debtor and creditor.

22. According to the Settlement Agreement, Debtor and Defendants agreed that the amount owed by Defendants to Debtor was $33,295.83.

23. In the same Settlement Agreement, Defendants made a promise to pay the sum of $33,295.83 to Debtors.

24. Defendants have failed to comply with the terms of the Settlement Agreement, and Defendants have not paid any part of the $33,295.83 owed to Debtors.

25. Plaintiff, as successor in interest to Debtors, has been damaged as a result of Defendants' failure to pay under the Settlement Agreement.

**PRAYER**

WHEREFORE, Plaintiff prays for judgment as follows:

1. For actual damages in an amount to be proven at trial;

2. For attorneys' fees and costs of suit;

3. For such other and further relief as the Court deems proper and just.

Dated: February 28, 2018            **GOE & FORSYTHE, LLP**

                                    By: */s/Robert P. Goe*
                                        Robert P. Goe, Counsel for
                                        Steven Speier, Chapter 7 Trustee

B1040 (FORM 1040) (12/15)

|  |  |
|---|---|
| **ADVERSARY PROCEEDING COVER SHEET**<br>(Instructions on Reverse) | **ADVERSARY PROCEEDING NUMBER**<br>(Court Use Only) |

| **PLAINTIFFS**<br>Steven M. Speier, as Chapter 7 Trustee | **DEFENDANTS**<br>Bobby Riley and Karen Riley |
|---|---|
| **ATTORNEYS** (Firm Name, Address, and Telephone No.)<br>Robert P. Goe, Esq., SBN 137019<br>Goe & Forsythe, LLP, 18101 Von Karman Ave., #1200,<br>Irvine, CA 92612; T: 9490-798-2460 email: rgoe@goeforlaw.com | **ATTORNEYS** (If Known)<br>Jack T. Humes, Esq., Law Offices of Jack T. Humes<br>28720 Canwood St., Ste. 105, Agoura Hills, CA 91301<br>T; (818) 707-1277; email: jackhumes@humeslaw.org |
| **PARTY** (Check One Box Only)<br>□ Debtor    □ U.S. Trustee/Bankruptcy Admin<br>□ Creditor    □ Other<br>☒ Trustee | **PARTY** (Check One Box Only)<br>□ Debtor    □ U.S. Trustee/Bankruptcy Admin<br>□ Creditor    ☒ Other<br>□ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)
Breach of contract; account stated

## NATURE OF SUIT

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☒ 11-Recovery of money/property - §542 turnover of property
□ 12-Recovery of money/property - §547 preference
□ 13-Recovery of money/property - §548 fraudulent transfer
□ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
□ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
□ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
□ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
□ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
□ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
□ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
□ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

**(continued next column)**

**FRBP 7001(6) – Dischargeability (continued)**
□ 61-Dischargeability - §523(a)(5), domestic support
□ 68-Dischargeability - §523(a)(6), willful and malicious injury
□ 63-Dischargeability - §523(a)(8), student loan
□ 64-Dischargeability - §523(a)(15), divorce or separation obligation
   (other than domestic support)
□ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
□ 71-Injunctive relief – imposition of stay
□ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
□ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
□ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
□ 01-Determination of removed claim or cause

**Other**
□ SS-SIPA Case – 15 U.S.C. §§78aaa *et.seq.*
□ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| □ Check if this case involves a substantive issue of state law | □ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| □ Check if a jury trial is demanded in complaint | Demand $ |

Other Relief Sought

B1040 (FORM 1040) (12/15)

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES ||||
|---|---|---|---|
| NAME OF DEBTOR<br>Christopher Philip Houg and Randa Sabbagh ||| BANKRUPTCY CASE NO.<br>6:12-bk-18569-MJ |
| DISTRICT IN WHICH CASE IS PENDING<br>Central || DIVISION OFFICE<br>Riverside | NAME OF JUDGE<br>Meredith Jury |
| **RELATED ADVERSARY PROCEEDING (IF ANY)** ||||
| PLAINTIFF | DEFENDANT || ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING || DIVISION OFFICE | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF)<br><br>/s/Robert P. Goe ||||
| DATE<br>February 27, 2018 ||| PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>Robert P. Goe |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 1040, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 1040 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party**. Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

# EARLY MEETING OF COUNSEL AND STATUS CONFERENCE INSTRUCTIONS

1. A COPY OF THESE INSTRUCTIONS MUST BE ATTACHED TO THE COPY OF THE COMPLAINT SERVED UPON EACH PARTY, AND THE PROOF OF SERVICE OF THE SUMMONS AND COMPLAINT MUST INDICATE THAT SUCH COPY WAS SERVED THEREWITH.

2. If the proceeding involves money or property exceeding $10,000, or if plaintiff believes trial time will exceed 4 hours, plaintiff must serve, with the summons and complaint, a notice that compliance with **Local Bankruptcy Rule 7026-1** is required. Plaintiff must also file proof of service of the summons and complaint.

3. If **Local Bankruptcy Rule 7026-1** applies, counsel for the parties **MUST TIMELY MEET TO DISCUSS SETTLEMENT AND TO EXCHANGE DOCUMENTS, OTHER EVIDENCE, AND LISTS OF WITNESSES AND PRELIMINARY DISCOVERY SCHEDULES AS PROVIDED IN SAID RULE. FRCP RULE 26(f) DOES NOT APPLY TO THIS PROCEEDING.**

4. Unless all defendants have defaulted, the parties shall file a Joint Status Report pursuant to **Local Bankruptcy Rule 7016-1(a)(2)** at least 4 court days before the date of the status conference in a form substantially similar to **Local Form No. F7016-1.1**. If **Local Bankruptcy Rule 7026-1** applies, the parties must include in the Joint Status Report a statement that they have met to discuss settlement and have exchanged documents, other evidence, lists of witnesses, and preliminary discovery schedules. If the parties request dates for discovery cut-off, pre-trial or trial other than those ordered herein, this request shall be made in the Joint Status Report.

5. If no response to the complaint is timely filed, plaintiff may request entry of default by the clerk or by the court. See **Local Bankruptcy Rule 7055-1(a)**. Plaintiff may also request entry of a default judgment by filing and serving an appropriate prove-up motion with admissible evidence. See **Local Bankruptcy Rule 7055-1(b)**

6. Failure to comply with these instructions may subject the responsible party and/or counsel to **sanctions**.

7. At the status conference a date may be set for a further status conference, a pre-trial conference and/or for trial.

8. Failure of counsel for any party to appear at a status conference or pre-trial conference may be considered an abandonment or failure to prosecute or defend diligently and the proceeding may be dismissed or judgment entered against the defaulting party.

                                                 Meredith A. Jury
                                       United States Bankruptcy Judge

**Early Meeting of Counsel and Status Conference Instructions
Revised : January 22, 2010**



# UNITED STATES BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
OFFICE OF THE CLERK • RIVERSIDE DIVISION

Kathleen J. Campbell, Clerk of Court
Executive Officer
Clerk of Court

## ADDITIONAL INSTRUCTIONS FOR PLAINTFF/PLAINTIFF'S ATTORNEY

You are required to serve and complete both of the attached "NOTICE TO DEFENDANTS" (English and the Spanish Version), to all defendants along with your summons. Your proof of Service should indicate that the notices were served, as well as the other documents.

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re: | Case No. 6:12-bk-18569-MJ |
| CHRISTOPHER PHILIP HOUG and RANDA SABBAGH, | Adv. No. 6:18-ap-01051-MJ |
| Debtor(s) | |
| STEVEN M. SPEIER, as chapter 7 trustee,   Plaintiff(s) | |
| Vs. | |
| BOBBY RILEY and KAREN RILEY  Defendant(s) | |

## NOTICE TO DEFENDANTS

You have been served with a summons and Complaint. If the plaintiff is successful, you could end up owing money to the plaintiff.

You have the right to proceed in this adversary proceeding without an attorney. However, the rules can be quite technical and you should consult an attorney. If you are unable to afford an attorney, please call for an appointment:

>Public Services
>Law Corporation
>4129 Main Street, Suite 101
>Riverside, CA 92501
>(951) 682-7968

You will be screened for financial eligibility and if it is determined that you are eligible, an attorney may be found who will represent you without payment of attorney's fees.

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

In re:

CHRISTOPHER PHILIP HOUG and RANDA SABBAGH

Case No. 6:12-bk-18569-MJ

Adv No. 6:18-ap-01051-MJ

Deudor(s)

STEVEN M. SPEIER, as chapter 7 trustee  Demandante(s)

Vs.

BOBBY RILEY and KAREN RILEY  Demandado(s)

## AVISO AL DEMANDADO(S)

A usted se le ha entregado una citacion judicial y una demanda. Si el demandante gana en su demanda, usted puede deberle dinero al demandate.

Usted tiene el derecho de proceder sin un Abogado, pero los requisitos legales son tecnicos y usted debe consultar un Abogado. Si usted no tiene recursos para emplear un Abogado, por favor llame para una cita gratis a:

> Public Services
> Law Corporation
> 4129 Main Street, Suite 101
> Riverside, CA 925041
> (951) 682-7968

Usted sera determinado para elegibilidad financial y si es determinado que usted es elegible, un Abogado quizas le representara de gratis.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

18101 Von Karman, Suite 1200
Irvine, CA 92612

A true and correct copy of the foregoing document entitled: **SUMMONS AND NOTICE OF STATUS CONFERENCE IN ADVERSARY PROCEEDING [LBR 7004–1]** and (2) the accompanying pleading(s) entitled:

COMPLAINT; EARLY MEETING OF COUNSEL AND STATUS CONFERENCE INSTRUCTIONS; NOTICE TO DEFENDANTS

will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005–2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) March 5, 2018, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

Robert P. Goe  kmurphy@goeforlaw.com, rgoe@goeforlaw.com;goeforecf@gmail.com

Stephen P. Reider  sreider@goeforlaw.com, kmurphy@goeforlaw.com

Steven M. Speier (TR)  lmorvant@glassratner.com; sms@trustesolutions.net,sspeier@glassratner.com

United States Trustee (RS)  ustpregion16.rs.ecf@usdoj.gov

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**: On (*date*) March 5, 2018, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Defendants, Bobby Riley and Karen Riley, c/o Jack T. Humes, Esq., Law Offices of Jack T. Humes, 28720 Canwood Street, Suite 105, Agoura Hills, CA 91301

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) March 5, 2018, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

Hon. Meredith Jury, USBC, 3420 Twelfth Street, Riverside, CA 92501

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| March 5, 2018 | Susan C. Stein | /s/Susan C. Stein |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

December 2016                                                                                                  **F 7004–1.SUMMONS.ADV.PROC**